IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAITLIN MCGILL, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>INTERMOUNTAIN HEALTH CARE, a Utah corporation,<br><br>Defendant. | **REPORT AND RECOMMENDATION**<br><br>Civil No.: 2:20-cv-00790-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendant Intermountain Health Care's (Defendant) Renewed Motion for Sanctions (Motion) (ECF 25) referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(A) (ECF 7). Plaintiffs failed to respond to the Motion, and the time to do so has expired. *See* DUCivR 7-1(a)(4)(D)(ii) ("A response to a motion must be filed within 14 days after service of the motion."). Pursuant to Rule 7-1(g) of the Local Rules of Practice for the United States District Court for the District of Utah (Local Rules), the court concludes that oral argument is not necessary and will determine the Motion based on the written memoranda. For the reasons set forth below, the undersigned recommends the court GRANT the Motion (ECF 25) and that the case be DISMISSED without prejudice and Plaintiffs be ordered to pay Defendant's attorney fees incurred in connection with Plaintiffs' discovery failures.

## BACKGROUND

On June 25, 2021, the court issued an Order Granting Defendant's Short Form Discovery Motion (June Order) (ECF 16). In the June Order, the court ordered Plaintiffs "to provide complete responses to the Interrogatories and Requests for Production of Documents in First Set of

1

Discovery Requests (ECF 15-1) within five (5) business days […] or by July 2, 2021" (*Id.*).  The court also ordered Plaintiffs to pay Defendant's reasonable attorney's fees associated with the underlying discovery motion (*Id.*).  The June Order instructed the parties to meet and confer and attempt to stipulate as to attorney's fees within ten days from the date of the order (*Id.*).

Plaintiffs failed to comply with the June Order, and Defendant subsequently filed a Motion for Sanctions seeking terminating sanctions against Plaintiffs as well as both monetary and evidentiary sanctions pursuant to Federal Rule of Civil Procedure Rule 37(b) (ECF 17).  The court set a Show Cause Hearing and instructed Plaintiffs to come prepared to show cause as to why their failure to comply was substantially justified and why sanctions should not be entered (ECF 19).

On July 20, 2021, the court held a Show Cause Hearing in response to Defendant's Motion for Sanctions (First Hearing) (ECF 20).  Present at the First Hearing was Defendant's attorney Christopher Glauser.  Plaintiffs failed to appear.  The court reset the Show Cause Hearing for August 23, 2021 (Second Hearing) (ECF 21).

At the Second Hearing, Defendant's attorney, Christopher Glauser, and Plaintiffs' attorney, Dale Boam, were present (ECF 23).  Plaintiffs' counsel explained some of the circumstances that caused him to fail to comply with the June Order.  Mr. Boam stated that he had been attempting to locate substitute counsel for this case but had been unable to do so.  Moreover, he claimed that he had reduced his workload sufficiently and would continue to represent Plaintiffs in this case.  Both Plaintiffs and Defendant expressed optimism about coming to a resolution through a third-party settlement conference.  In response, the court granted in part Defendant's Motion for Sanctions (ECF 17) and ordered Plaintiffs' counsel to comply with the June Order by September 14, 2021, after which the parties were to meet and confer about whether to proceed with a new schedule or

pursue a settlement conference (ECF 23).  Defendant was also ordered to submit its position as to the pending sanctions request (*Id.*).

Despite cautious optimism from both parties, Plaintiffs again violated the court order by failing to provide the discovery responses by September 14, 2021.  Defendant asserts that Plaintiffs have neither provided any discovery responses nor communicated any reasons for their failure (ECF 25).  Furthermore, Plaintiffs have not sought other relief from the court's orders.  Defendant now requests an order from the court: (1) dismissing Plaintiffs' claims with prejudice; and (2) ordering that Plaintiffs pay Defendant's attorney fees incurred in connection with Plaintiffs' discovery failures (ECF 25).  Plaintiffs have failed to file a response to the Motion, and the time for doing so has passed.

## DISCUSSION

Local Rule 7-1(f) provides, "[e]xcept as provided in DUCivR 56-1(f), failure to respond timely to a motion may result in the court granting the motion without further notice."  DUCivR 7-1(f).  Additionally, pursuant to Federal Rule of Civil Procedure 37(b)(2), "[i]f ... a party's officer, director, or managing agent…fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders."  Fed. R. Civ. P. 37(b)(2).  Such orders include "striking pleadings in whole or in part;" or "dismissing the action or proceeding in whole or in part."  *See* Fed. R. Civ. P. 37(b)(2).

The Tenth Circuit has instructed district courts to consider the *Ehrenhaus* criteria when considering Rule 37 sanctions.  *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  Under that standard, a court should consider the following factors before imposing dismissal as a sanction: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in

advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Because dismissal "represents an extreme sanction appropriate only in cases of willful misconduct … it should be used as 'a weapon of last, rather than first, resort.'" *Id.* at 920 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988), *abrogated on other grounds by Kalbaugh v. Jones*, 807 F. App'x 826, 832 (10th Cir. 2020)). "Willful failure means 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'" *Schroeder v. Sw. Airlines*, 129 F. App'x 481, 484 (10th Cir. 2005) (quoting *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872–73 (10th Cir. 1987)).

Defendant asserts that Plaintiffs' refusal to participate in the case and failure to comply with the June Order has caused Defendant prejudice and interfered with the judicial process (ECF 25). Defendant also argues it is unable to prepare its defenses without Plaintiffs' discovery responses. Defendant had previously scheduled the depositions of all Plaintiffs for July 13-15 and 20-21, 2021 (ECF25). Neither Plaintiffs nor Plaintiffs' counsel appeared at the first deposition (ECF 25). As a result, Defendant incurred the cost of hiring interpreters and court reporters for the first deposition and was forced to cancel the remaining depositions (ECF 25).

Plaintiffs have significantly delayed the judicial process and orderly resolution of this case by failing to appear or communicate with Defendant. On June 25, 2021, this court ordered Plaintiffs to provide complete responses to the Interrogatories and Requests for Production in Defendant's First Set of Discovery Requests (ECF 16). Plaintiffs failed to do so. The judicial process has been stalled, and this case has not progressed. This court thus finds the first two factors weigh in favor of imposing sanctions.

Next, the court looks to Plaintiffs' culpability. While the court is sympathetic to Plaintiffs' counsel's grievous circumstances, he has continued to miss discovery deadlines. Plaintiffs have yet to comply with a single discovery obligation despite multiple warnings from the court. On the other hand, Defendant served timely discovery responses and has been an active participant in resolving this case. At the Second Hearing, Plaintiffs' counsel stated that he had been unable to find another attorney to take over this case but was in a better position to manage the case going forward. As stated previously, willful failure does not require a showing of wrongful intent; rather, it requires merely "intentional failure." *Schroeder*, 129 F. App'x at 484.

Here, it is unclear whether Plaintiffs knew about their counsel's actions. However, "[d]ismissal does not unjustly penalize the individual plaintiff in this case in light of the repeated and documented failure of his chosen representative. A litigant is bound by the actions of its attorney, and the relative innocence of the litigant in the failure does not constitute grounds for relief." *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188–89 (10th Cir. 2002) (citation omitted). Furthermore, "[t]hose who act through agents are customarily bound by their agents' mistakes." *Id.* at 1189. There is no difference when that agent is an attorney. *Id.*; *see also Schroeder*, 129 F. App'x at 484–85. Therefore, the third factor weighs in favor of sanctions.

As to the fourth factor, the court must consider whether Plaintiffs were warned of the potential for terminating sanctions. The Tenth Circuit has found that sanctions can still be appropriate when weighed against the other four factors even when the plaintiff had not been specifically warned of the potential for terminating sanctions. *See Schroeder*, 129 F. App'x at 485 ("[T]he continuing nature of plaintiff and her counsel's inexcusable conduct, the extent of the prejudice to defendants, and the interference with the judicial process outweigh the fact that plaintiff was not specifically warned" (citation omitted)). Defendant requested that this case be

dismissed as a sanction in its Expedited Motion for Sanctions (ECF 17). In setting the Second Hearing, the court previously ordered Plaintiffs to "come prepared to show cause as to why their failure to comply with the June Order was substantially justified and why sanctions up to and including dismissal of this action should not be entered" (ECF 21). During the Second Hearing, Plaintiffs' counsel affirmed that he was able and willing to handle this case. Therefore, the court finds that Plaintiffs had been aware of the possibility of sanctions, including the dismissal of this case.

The fifth and final factor is the efficacy of lesser sanctions. Defendant asserts that Plaintiffs have repeatedly failed to comply with court orders or take advantage of the lesser remedies offered (ECF 25). Plaintiffs were aware of the outstanding discovery requests and did not respond when required (ECF 15). Defendant attempted to work with Plaintiffs, offering a new deadline without filing a motion to compel (ECF 15). However, Plaintiffs again failed to meet that deadline, and Defendant moved to compel (ECF 15). The June Order required Plaintiffs to pay Defendant's attorney fees and to respond to the discovery request and meet and confer with Defendant within ten days to try to reach a stipulation as to the amount of the fees (ECF 16). Again, Plaintiffs failed to do so. Plaintiffs also failed to adhere to the court order to comply with the June Order following the Second Hearing. Accordingly, a sanction less severe than dismissal would not appear to be effective as Plaintiffs have repeatedly failed to comply with this court's orders in violation of Rule 37(b)(2). In sum, the *Ehrenhaus* factors weigh in favor of sanctions and dismissal.

## RECOMMENDATION

Based on Plaintiffs' failure to prosecute this case and abide by the rules and orders of this court, the undersigned **RECOMMENDS** the court **GRANT** the Motion (ECF 25); the case be **DISMISSED** without prejudice; Plaintiffs be ordered to pay Defendant's attorney fees incurred in connection with Plaintiffs' discovery failures; and Defendant be

ordered to submit a fee affidavit within 14 days of the ruling on the Report and Recommendation.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 18 April 18, 2022.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah